## In re Kelly

*Robert L. Coughlin*, for petitioner; *Joseph A. Kozak*, for respondent.

VALENTINE, J., September 28, 1931.—Michael Kelly, a veteran of the World War, was adjudged incompetent to take care of his estate and a guardian was appointed. Prior to such appointment, Kelly had been awarded a disability allowance of $40 per month. Upon the appointment of the guardian the United States Veterans' Bureau paid the guardian $338.06 accrued allowance and further the sum of $40 per month from said appointment. By reason of his mental condition Kelly has been confined to Retreat Mental Hospital since February 14, 1922, as an indigent patient.

The Commonwealth seeks an order directing the guardian to pay the sum of $721.15 for maintenance of the ward prior to the appointment of the guardian, and also an order directing that the guardian pay for the ward's future maintenance.

The guardian filed an answer, averring that the support allowances made by the Government to Kelly are "not subject to the claims of creditors" and cannot be appropriated to pay existing indebtedness.

The funds in the hands of the guardian are derived solely from the United States Government under the provision of the World War Veterans' Act, 1924: 38 U. S. C., § 421, et seq. This act provides, inter alia: "The compensation, insurance and maintenance and support allowance . . . shall not be subject to the claims of creditors of any person to whom an award is made." We think it follows that the sums received pursuant to its provisions are not subject to seizure for payment of the indebtedness of the ward: In re Bones, 34 Dauphin 385; In re Murphy's Committee, 237 N. Y. Supp. 448.

The Commonwealth, in so far as it seeks to recover the amount expended for the support and maintenance of the ward, is a creditor. Its status cannot be regarded as otherwise: In re Bones, supra. As a matter of public policy, it is

better that the claim should be unpaid than that the ward's estate be depleted. The Commonwealth, as a creditor, should not be permitted to appropriate funds which the National Government has bestowed upon a veteran disabled in defense of the principles of democracy which we hold sacred.

Rule to show cause why an order should not be made for past maintenance is discharged. The making of an order for future maintenance is held in abeyance pending further information as to the expenditures made by the Commonwealth and the Central Poor District.

From Frank P. Slattery, Wilkes-Barre, Pa.